UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARK J. HOWARTH,

    Plaintiff,

v.                                                            CASE NO. 6:11-cv-553-Orl-31GJK

STEVEN S. GRAVES, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, a pretrial detainee proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

### I.  *Legal Standard*

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

> (b) Ground for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>
>     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation.  *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996); *see* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II.     *Analysis*

Plaintiff alleges that his public defender, Steven S. Graves, is acting in an ineffective manner because Graves denied him his right to a probable cause determination in his pending state court criminal proceedings. Plaintiff contends that as a result, he had to spend 273 days confined in jail. Plaintiff also states that because he was confined, he lost his entire estate. Plaintiff asserts that Robert Wesley, Graves' supervisor, allowed this to happen.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Plaintiff's claims against Defendants Graves and Wesley are based on allegations that he is receiving ineffective assistance of

counsel in his state criminal proceedings. These claims cannot proceed under § 1983 because Defendants Graves and Wesley are not acting under color of state law. *Polk County*, 454 U.S. at 325.

To the extent Plaintiff seeks this Court's intervention in his state criminal case, he also has not stated a viable claim for relief. Plaintiff can raise his challenges relating to the prosecution of his criminal case in his state court proceedings. Absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In addition, because declaratory relief "will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid" federal courts also should not entertain actions for declaratory relief against pending state criminal actions. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).

Plaintiff has not demonstrated special circumstances warranting this Court's intrusion into the pending state court proceedings. *See Hughes v. The Eleventh Judicial Circuit Court of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised). Therefore, it appears that abstention is appropriate

on all claims in this case. The instant case is dismissed as frivolous and for failing to state a claim for relief.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** as frivolous.

2. Any other motions pending in this case are **DENIED** as moot.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida this 11th day of April, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 4/11
Mark J. Howarth